IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

V.                           CASE NO. 5:17-CR-50021

MANUEL ORTIZ, JR.                                                     DEFENDANT

## ORDER

Now pending before the Court is a Motion Requesting Early Termination of Supervised Release (Doc. 77) by Manuel Ortiz, Jr. He believes he is entitled to early termination because he has been fully compliant with the terms of supervision and has paid his financial penalty to the Court. In addition, he notes that he has tested negative for drug use, has a stable residence, and has maintained employment. He also has a strong support system of family members and friends. The Government opposes Mr. Ortiz's request. *See* Doc. 79.

On January 16, 2018, Mr. Ortiz was sentenced to 63 months of imprisonment for aiding and abetting in the distribution of methamphetamine. (Doc. 74). He was ordered to pay a $35,000 fine and serve a three-year term of supervised release. He was released from the Bureau of Prisons on August 5, 2020, and now has approximately ten months remaining on his term of supervised release.

Pursuant to 18 U.S.C. § 3583(e)(1), any time after one year of supervised release has passed, and after considering the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), the Court may terminate the remaining term of supervised release and discharge the defendant "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of

justice." The Court is afforded "broad discretion" to decide whether a term of supervised release should be terminated. *United States v. Davies*, 380 F.3d 329, 332 (8th Cir. 2004).

Although the Court commends Mr. Ortiz for successfully completing his most recent prison term, paying his full financial penalty, and remaining clean and sober, he has offered no persuasive justification for early termination. In general, mere compliance with the terms of supervised release is expected of defendants, and demonstrating such compliance is not, in and of itself, a factor that justifies early termination in the absence of proof of hardship or other exceptional burdens.

**IT IS THEREFORE ORDERED** that the Motion Requesting Early Termination of Supervised Release (Doc. 77) is **DENIED**.

**IT IS SO ORDERED** on this 12th day of October, 2022.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE